IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>$303,581.82 in United States Currency seized from Wells Fargo Bank Account # [REDACTED]0434 in the name of Murray Auto Sales,<br><br>  Defendant. | **MEMORANDUM OPINION AND ORDER**<br><br>Case No. 2:08-CV-670<br><br>Judge Dee Benson |

This matter is before the court on claimants Bassam Omar, Hana Omar and Murray Auto Sales' motion to dismiss. (*See* Dkt. No. 22.) On March 17, 2010, the court held a hearing on the motion. At the hearing, claimants were represented by Kenneth R. Brown and Michael T. Holje. The government was represented by Cy H. Castle. After taking the motion under advisement, the court has further considered the law and facts relating to the motion. Being fully advised, the court renders the following Memorandum Opinion and Order.

BACKGROUND

This is a civil *in rem* forfeiture action brought pursuant to 31 U.S.C. § 5317(c) for violation of 31 U.S.C. § 5324(a) (structuring transactions to evade reporting requirements). The action seeks the forfeiture of $303,581.82 seized from Murray Auto Sales' Wells Fargo bank account.

In July 2002, the Federal Bureau of Investigation (FBI) Salt Lake City Division received confidential information regarding possible structuring activities being conducted by Sharif Omar and others, doing business as Murray Auto Sales. As a result of an investigation, on April

26, 2006, Sharif Omar was arrested on charges of Bank Fraud, Aiding and Abetting, and Money Laundering. During an interview conducted pursuant to his arrest, Sharif Omar reportedly told the FBI he had structured bank deposits to avoid the preparation of Currency Transaction Reports for Murray Auto Sales.

The FBI subpoenaed copies of bank records relating to the business accounts of Murray Auto Sales held in America First Credit Union ("AFCU") account ending 624-7 and Wells Fargo Bank account ending 0434. Both accounts are in the name of Murray Auto Sales. Hana Omar and Bassam Omar are signatories on both accounts. The FBI identified Sharif Omar and his nephew Ahmad Saif as the primary facilitators on the accounts. The bank records for the AFCU account show that between April 24, 2007 and October 24, 2007, a total of $329,190 in cash, in about thirty deposits, was structured[1] into the AFCU account. The bank records for the Wells Fargo account show that between April 17, 2007 and October 17, 2007, a total of $546,750 in cash, in about sixty deposits, was structured into the Wells Fargo account.

On April 21, 2008, the government executed seizure warrants on both accounts. No money was seized from the AFCU account because only $45 was in the account. The government seized $303,581.82 from the Wells Fargo account. The government's application for a seizure warrant recognized that "[t]o the extent that forfeitable funds that were deposited to any of the subject accounts within the past year have been removed and replaced by other funds, those replacement funds are subject to forfeiture pursuant to 18 U.S.C. § 984." (*See* Dkt. No. 28-2, Sealed Application and Affidavit for Seizure Warrant at ¶ 7.)

On September 3, 2008, the government filed this civil complaint for forfeiture *in rem*. The complaint alleges that Sharif Omar and Ahmad Saif made deposits into the AFCU and Wells

---

[1]Structured means depositing monies in increments of $10,000 or less.

Fargo accounts with the intent to avoid the preparation of Currency Transaction Reports. On September 25, 2008, the claimants filed a claim to the seized money.

On November 25, 2009, claimants filed the instant motion to dismiss on the basis that the government's forfeiture action is barred by the statute of limitations. Claimants argue that the government failed to file its complaint within the one-year limitation set forth in 18 U.S.C. § 984.

In response to the claimants' motion to dismiss, the government argues that claimants waived their statute of limitations defense by failing to assert it as an affirmative defense in their answer. The government also argues that it met the one-year limitation in section 984 by seizing the funds within one year. The government further argues that even if it did not meet the timing requirements in section 984, it met the timing requirements of 19 U.S.C. § 1621 which serves as the statute of limitations for all civil forfeiture actions.

## STANDARD OF REVIEW

The court's function on a Rule 12(b)(6) motion is to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

## DISCUSSION

**A.     Waiver of Affirmative Defense**

Generally, the statute of limitations is an affirmative defense that is waived unless raised in the answer to the complaint. *See* Fed. R. Civ. P. 8(c). However, the court can consider a belatedly asserted affirmative defense, so long as the plaintiff has adequate notice of the defense and is not unduly prejudiced. *See Ahmad v. Furlong*, 435 F.3d 1196, 1201 (10th Cir. 2006). In this case, the government has had adequate notice and opportunity to respond to claimants'

defense. Furthermore, the court finds the government has not established legally cognizable prejudice. Thus, the court finds that the claimants did not waive their statute of limitations defense.

**B.      Statute of Limitations**

Section 984 provides for *in rem* proceedings against fungible property in civil forfeiture actions when the government cannot specifically identify the proceeds directly traceable to the offense and instead must resort to substitute assets. *See* 18 U.S.C. § 984(a). Section 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense." 18 U.S.C. § 984(b). The key question before the court is whether under section 984, the commencement of the action means the government must file the forfeiture complaint within one year of the date of the offense.

The court begins with the language of the statute itself. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). Where the statute's language is plain, "the sole function of the court is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917). Section 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense." 18 U.S.C. § 984(b). The court concurs with the United States Court of Appeals for the Third Circuit in that "section 984, by its plain and unambiguous language, requires the filing of a complaint within one year of the offense." *United States v. $8,221,877.16*, 330 F.3d 141, 159 (3d Cir. 2003). "[W]here a time limitation for instituting civil proceedings is concerned- as it is here- the word 'commence' is a term of art with only one

4

unambiguous meaning, expressed in Federal Rule of Civil Procedure 3: 'A civil action is commenced by filing a complaint with the court.'" *Id.* (quoting Fed. R. Civ. P. 3).

This plain reading of "commenced" is also consistent with the Tenth Circuit's interpretation of the same word in the statute of limitations generally applicable to civil forfeiture actions, 19 U.S.C. § 1621. Section 1621 provides that forfeiture actions must be "commenced within five years after the time when the alleged offense was discovered." 19 U.S.C. § 1621. The Tenth Circuit has interpreted this provision to require the government to file a complaint within five years, and have found actions to be untimely where the government had seized the funds within five years but not filed a complaint. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1202 (10th Cir. 2001) ("At the time Appellants filed their Rule 41(e) motion, the statute of limitations had run on the United States' ability to commence forfeiture proceedings against seized property that had not already been subject to forfeiture proceedings initiated by the United States."); *United States v. $30,006.25*, 236 F.3d 610, 612 (10th Cir. 2000) (forfeiture action barred by statute of limitations because complaint was not filed against seized property within five years). Furthermore, the Supreme Court of the United States has recognized in dictum that a forfeiture action is "commenced" under section 1621 when a complaint is filed. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 65 (1993).

The government argues that the legislative history makes it clear that commencement of an action under section 984 can be either the seizing of property or filing of a complaint within a one-year period. The court declines to ignore the clear language in section 984 on the basis of a few sentences in a Committee Report and the government's views as to Congress' motives. "Section 984 says what it means and means what is says. [The court] will not wade into the

5

depths of legislative history when the surface of the statute is clear and its meaning apparent." *$8,221,877.16*, 330 F.3d at 160.

In order to forfeit property that is not directly traceable to the structuring offense, the government must file a complaint within one year of the date of the offense. In the instant case, the bulk of the alleged structuring activity in the Wells Fargo account occurred between April 2007 and the fall of 2007. (*See* Gov't Resp. to Mot. to Dismiss at 13.) The government filed its complaint on September 3, 2008 and the government has not contested that the seized funds are not directly traceable to the alleged structuring activity. Accordingly, the government's forfeiture action was untimely under section 984.

In addition, the court finds it irrelevant whether the government filed its action within the five-year limitation period of section 1621 because section 984 applies to, and modifies the requirements of, any *in rem* forfeiture action in which the subject property is cash or other fungible property that is not directly traceable to the offense.

## CONCLUSION

For the reasons stated above, claimants' motion to dismiss is GRANTED. IT IS SO ORDERED.

DATED this 21st day of April, 2010.

_____
Dee Benson
United States District Judge